IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.    09-CR-0063-001-GKF |
| v. | ) | |
| | ) | USM Number: 10608-062 |
| PAUL EDWARD SHAFER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant's unopposed motion to amend judgment and sentence (Docket No. 44). Defendant requests modification of the judgment to order the instant sentence to run concurrently with the imprisonment terms imposed in Rogers County District Court cases CF-2004-204 and CF-2008-342, and concurrent with any sentence imposed in Mayes County District Court cases CF-2004-11 and CF-2004-71A.

On September 16, 2010, defendant appeared for sentencing on a writ of habeas corpus ad prosequendum from State custody, following his plea of guilty to Count One – Conspiracy to Possess with Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(viii). Defendant was sentenced to 120 months in the custody of the Bureau of Prisons. When sentenced, defendant was in the primary custody of the State of Oklahoma and pending adjudication on a petition to revoke in Rogers County case CF-2004-204, and a criminal complaint in Rogers County case CF-2008-342. Defendant was further awaiting adjudication on criminal complaints in Mayes County cases CF-2004-11 and CF-2004-71A. Because the Court did not state how the instant sentence would run relative to these pending state matters,

the term is deemed to run consecutively to any other imprisonment term. *See* 18 U.S.C. § 3584(a) (multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently). Defendant was remanded to the custody of the U.S. Marshal for return to the custody of the State of Oklahoma. Defendant was subsequently sentenced in the Rogers County cases and ordered to serve imprisonment terms. The Mayes County cases remain pending. Because state authorities held primary jurisdiction of defendant, he will serve the state sentences first, followed by the instant term, resulting in a sentence consecutive to the sentences imposed in Rogers County and any imprisonment terms that may be imposed in Mayes County.

The Court does not have the authority to amend the judgment. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997); *see United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997) (holding that unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); *United States v. Blackwell*, 81 F.3d 945, 947, 949 (10th Cir.1996) (holding a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so, so a district court does not have inherent power to resentence defendants at any time); 18 U.S.C. § 3582(b). *See also* Fed. R. Crim. P. 35(a) – Correcting or Reducing a Sentence; *United States v. Green*, 405 F.3d 1180 (10th Cir. 2005) (district court did not have jurisdiction to resentence defendant more than [fourteen] days after imposition of sentence). Defendant's request for modification of judgment to order a concurrent sentence must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED** that defendant's motion to amend judgment and sentence

(Docket No. 44) is **dismissed for lack of jurisdiction**.

    **IT IS SO ORDERED** this 16th day of November, 2010.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

.